# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 18-724V
Filed: February 27, 2023
UNPUBLISHED

| | |
|---|---|
| HAILEY SCHMACHT,<br><br>                   Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                   Respondent. | Special Master Horner<br><br>Petitioner's Motion for Decision Dismissing Petition; Human Papillomavirus (HPV) vaccine; Idiopathic Thrombocytopenic Purpura (ITP); Alopecia; Systemic lupus erythematosus (SLE) |

*Mark Sadaka*, Law Offices of Sadaka Associates, LLC, Englewood, NJ, for petitioner.
*Claudia Barnes Gangi*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION[1]

On May 22, 2018, petitioner[2] filed a claim under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa-10-34 (2012), alleging that she suffered Idiopathic Thrombocytopenic Purpura (ITP), alopecia, and systemic lupus erythematosus (SLE) that was either "caused-in-fact" or, alternatively, significantly aggravated by her May 28, 2015 human papillomavirus vaccination (HPV).  (ECF No. 1.)  On April 25, 2019, respondent filed his Rule 4 report, recommending against compensation.  (ECF No. 26.) Petitioner subsequently filed an expert opinion by Dr. Lige Rushing.  However, on July 28, 2022, I held a Rule 5 status conference where I discussed several reasons why Dr. Rushing's opinion did not adequately support petitioner's claim based on the existing record.  (ECF No. 64.)

---

[1] Because this decision contains a reasoned explanation for the special master's action in this case, it will be posted on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. *See* 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).  **This means the decision will be available to anyone with access to the Internet.**  In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information the disclosure of which would constitute an unwarranted invasion of privacy. If the special master, upon review, agrees that the identified material fits within this definition, it will be redacted from public access.

[2] In fact, the petition was initially filed by her parent when she was still a minor.  The caption was later changed on February 11, 2019.

On February 27, 2023, petitioner filed a Motion for a Decision Dismissing her Petition.  (ECF No. 72.)  Petitioner "respectfully moves for a decision by the Special Master dismissing her case." (*Id*.)  Petitioner further stated that she "understands that a decision by the Special Master dismissing her petition will result in a judgment against her. Petitioner has been advised that such a judgment will end all of her rights in the Vaccine Program." (*Id*.)  Respondent does not oppose this motion, though he indicated that he "reserves his right…to question the good faith and reasonable basis of petitioner's claim, and if appropriate, her application for costs." (*Id*.)

To receive compensation in the Vaccine Program, petitioner must prove either (1) that she suffered a "Table Injury" – *i.e*., an injury falling within the Vaccine Injury Table – corresponding to a covered vaccine, or (2) that she suffered an injury that was actually caused by a covered vaccine.  *See* §§ 13(a)(1)(A) and 11(c)(1).  To satisfy her burden of proving causation in fact, petitioner must show by preponderant evidence: "(1) a medical theory causally connecting the vaccination and the injury; (2) a logical sequence of cause and effect showing that the vaccination was the reason for the injury; and (3) a showing of a proximate temporal relationship between vaccination and injury." *Althen v. Sec'y of Health & Human Servs.*, 418 F.3d 1274, 1278 (Fed. Cir. 2005).  The Vaccine Act, 42 U.S.C. § 300aa-13(a)(1), prohibits the undersigned from ruling for petitioner based solely on her allegations unsubstantiated by medical records or medical opinion.

Neither petitioner's medical records nor her expert's reports support her allegations by a preponderance of the evidence.  Accordingly, the undersigned **GRANTS** petitioner's Motion for Decision Dismissing Petition and **DISMISSES** this petition for failure to establish a *prima facie* case of entitlement to compensation.

## CONCLUSION

This case is now **DISMISSED**.  The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Daniel T. Horner**
Daniel T. Horner
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.